**NOT FOR PUBLICATION**

UNITED STATES COURT OF

APPEALS FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> PHONG PHAN, <br><br> Defendant-Appellant. | No.  20-50031 <br><br> D.C. No. <br> 2:18-cr-00719-DSF-1 <br><br> MEMORANDUM* |

On Appeal from the United States District Court for the
Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 17, 2021
Pasadena, California

Before: RAWLINSON and LEE, Circuit Judges; KENNELLY, District Judge**.
Partial Concurrence and Partial Dissent by Judge KENNELLY.

———————————————

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Matthew F. Kennelly, United States District Judge
for the Northern District of Illinois, sitting by designation.

Defendant-Appellant Phong Phan (Phan) appeals from the district court's order relying on the inevitable discovery doctrine to deny his motion to suppress. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Inevitable discovery rulings are mixed questions of law and fact that are reviewed under a clearly erroneous standard of review. *See United States v. Lang*, 149 F.3d 1044, 1047 (9th Cir. 1998). We affirm the district court's denial of Phan's motion to suppress, but reverse and remand the imposition of standard supervised release condition Number 14 (Standard Condition 14).

**1.** The district court found that two officers violated Phan's Fourth Amendment rights during a traffic stop that led to the discovery of incriminating evidence. Phan brought a motion to suppress the evidence recovered from his person, wallet, and vehicle, which the district court denied. Specifically, the court found that although the officers violated Phan's constitutional rights under the Fourth Amendment, the incriminating evidence would have been inevitably discovered by the officers in conducting a search incident to Phan's arrest on an outstanding warrant discovered during a records check.

**2.** The district court determined that the government adequately demonstrated the evidence Phan sought to suppress would have been inevitably discovered by lawful means, *i.e.* during the search incident to arrest on the

outstanding warrant, and the later inventory search of the car. *See Nix v. Williams*, 467 U.S. 431, 432 (1984). The district court reasoned that it is common and permissible for officers to run a warrant check during a valid traffic stop. Indeed, the Supreme Court has confirmed that a warrant check during a valid traffic stop is an "ordinary inquir[y] incident to the traffic stop" and is part of an "officer's mission." *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). The district court also noted that the officers ran a warrant check while still in the field, "albeit after searching and arresting Mr. Phan, but before Mr. Phan was taken to the station."

The district court's application of the inevitable discovery doctrine was not clearly erroneous. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); *see also Yu v. Idaho State University*, 15 F.4th 1236, 1241-42 (9th Cir. 2021) (explaining that findings are clearly erroneous if they are "illogical, implausible, or without support in inferences from the record") (citation omitted). As the district court observed, the officers ultimately performed a warrant check while still at the scene of the traffic stop. This "ordinary inquir[y]" that is part of "an officer's mission," *see Rodriguez*, 575 U.S. at 355, was much more direct than the attenuated inevitable discovery upheld by the Supreme Court in *Nix*. *See* 104 S.Ct. at 448-49. Therefore, *Nix* does not support Phan's suppression argument. Because there was no clear error in the district court's finding that the officers

would have inevitably discovered the evidence Phan sought to suppress, we affirm the denial of Phan's motion to suppress.

**3.** The government concedes that imposition of Standard Condition 14 was plainly erroneous, and should be remanded to the district court. *See United States v. Magdirila*, 962 F.3d 1152, 1158-59 (9th Cir. 2020). We, therefore, vacate Standard Condition 14 and remand to the district court to revise this condition in conformity with *Magdirila*.

**AFFIRMED in part; REVERSED and REMANDED in part**.



*USA v. Phong Phan*, No. 20-50031

KENNELLY, District Judge, concurring in part and dissenting in part:

I agree with the majority's decision to vacate the supervised release condition but respectfully dissent regarding the denial of Phan's motion to suppress because I do not believe the government carried its burden on its claim of inevitable discovery.

The Supreme Court teaches that the inevitable discovery doctrine requires "demonstrated historical facts" establishing that law enforcement would have discovered the evidence at issue even without the Fourth Amendment violation. *Nix v. Williams*, 467 U.S. 431, 444 n.5 (1984). The government carries the burden of proving this by a preponderance of the evidence. *Id.* at 444; *see United States v. Cabassa*, 62 F.3d 470, 474 (2d Cir. 1995) (emphasizing the difference "between proving by a preponderance that something would have happened and proving by a preponderance that something would inevitably have happened").

In this case, law enforcement violated Phan's constitutional rights at nearly every turn of the encounter from the moment they pulled over his car to the point when they ran a warrant check forty minutes later: they prolonged the stop through unnecessary questioning, they impermissibly conducted a *Terry* frisk, they illegally searched his wallet to obtain his license, and they illegally searched the vehicle. To establish inevitable discovery, the government had to prove that, if they had not

violated the Fourth Amendment, the officers inevitably would have conducted a warrant check upon learning Phan's name that would have led to his lawful arrest.[1]

The majority bases its inevitable discovery holding on the fact that the officers ultimately performed a warrant check at the end of the traffic stop and the determination that such a check is an "ordinary inquir[y] that is part of an 'officer's mission.'" Mem. Disp. at 3 (quoting *Rodriguez v. United States*, 575 U.S. 348, 355 (2015)). This, however, *assumes* that the officers would have conducted a warrant check earlier had they not violated the Constitution, and *Nix* requires "demonstrated historical facts," not assumptions. In this particular case the proposition that warrant checks are an "ordinary inquir[y] that is part of an officer's mission" is refuted by the fact that under California law, "[o]fficers have discretion to accept. . . oral evidence of identity" in this situation and need not conduct a records check. *People v. Lopez*, 8 Cal. 5th 353, 370–71 (2019). It would have been simple enough—were it true—for the government to have elicited testimony that a warrant check following a stop is routine in the scenario that existed here, but it did not do so. In these circumstances, an assumption

---

[1] The government's inevitable discovery theory is predicated on a lawful arrest preceding both a search incident to arrest (leading to evidence on Phan's person and wallet) and the resulting impoundment and inventory search of the vehicle (leading to evidence in the vehicle). Because I do not believe the government has proven the inevitability of the warrant check, I express no view on whether the government carried its burden regarding the inventory search.

2

regarding what the officers would have done absent their multiple violations of the Fourth Amendment does not amount to "facts capable of ready verification or impeachment" sufficient to carry the government's burden. *Nix*, 467 U.S. at 444 n.5. On the record before the district court, as in *United States v. Ramirez-Sandoval*, 872 F.2d 1392, 1400 (9th Cir. 1989), the court could not "say with any certainty that the police would have discovered the evidence if the illegal search had not occurred."[2]

Because the government, in my view, failed to carry its burden of establishing inevitable discovery, I would reverse the district court's denial of the motion to suppress.

---

[2] In this regard, I note that even once the officers obtained Phan's license via an unlawful search, they still did not conduct a warrant check but instead spent the next twenty minutes unlawfully scouring his vehicle. This further tends to undercut the proposition that a warrant check would have been done as a matter of routine.